WOLF, J.,
concurring.
I concur in the decision to revisit the prior opinion of this court in Matrix Employee Leasing, Inc. v. Hadley, 78 So.3d 621 (Fla. 1st DCA 2011), and to adopt the interpretation of the statute in Judge Pa-dovano’s opinion. I also concur to award the contested benefits to the claimant.
I do not vote to revisit Hadley because of the argument that our prior interpretation of the statute would render it unconstitutional. For many reasons, on which it is unnecessary to expound in this opinion, I believe our prior interpretation met constitutional scrutiny. I also do not vote to revisit Hadley because the interpretation adopted today is clearly more persuasive or correct than the previous interpretation by this court of this ambiguous statutory scheme. I believe there are two reasonable statutory interpretations.
I vote to rethink and to revisit Hadley because: 1) a majority of this court has determined that the claimant in the instant case is entitled to PTD benefits at 104 weeks, a conclusion with which I do not disagree; 2) the interpretation adopted by the court today provides the most workable and clear guidance for the Judges of Compensation Claims and the workers’ compensation bar on how to deal with a claimant who is disabled and not at physical MMI at 104 weeks; 3) we are revisiting a position that I now believe put doctors in an untenable position of looking into a crystal ball and speculating on the future; and 4) we are adopting a position that, within this ambiguous statutory scheme, is most likely to allow a claimant with a legitimate permanent disability to receive needed benefits.
If we are incorrect in our interpretation, the Legislature may address it.